Jones v. Goode.

## MONOPOLIES—WITNESSES.

[Hamilton (1st) Circuit Court, March 17, 1906.]

Jelke, Swing and Giffen, JJ.

*SALMON P. JONES, SHERIFF, ET AL. V. CORA DOW GOODE.

1. UNDER REV. STAT. 5243 (LAN. 8752) PARTY MAY NOT REFUSE TO DISCLOSE NAMES OF DEALERS FROM WHOM HE HAS BOUGHT GOODS.

In an action to enjoin an illegal combination under the Valentine anti-trust law and for damages resulting from such combination, the plaintiff, when called under Rev. Stat. 5243 (Lan. 8752) for examination before a notary is not at liberty, on the ground that it is a trade secret, and therefore privileged, to refuse to disclose the names of dealers from whom he has succeeded in obtaining a partial supply of the goods the combination has refused to furnish him.

2. UNDER REV. STAT. 5243 (LAN. 8752) PARTY NEED NOT DISCLOSE NAMES OF DEALERS FROM WHOM HE HAS BOUGHT GOODS AS THAT IS IRRELEVANT.

In an action for damages and an order of injunction against an illegal trade combination which had prevented plaintiff from obtaining proprietary medicines for sale, a refusal by plaintiff, in an examination under Rev. Stat. 5243 (Lan. 8752), to disclose the names of persons from whom she had bought such medicines prior to the commencement of her suit, is justified on the ground that such matter is irrelevant at that stage of the proceeding, not being a material part of plaintiff's case.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**F. H. Freiricks** and **R. B. Smith,** for plaintiff in error.

**J. S. Graydon** and **Smith Hickenlooper,** for defendant in error:

Practice of courts in *ex parte* proceedings to hear *viva voce* testimony. Church, Habeas Corpus (2 ed.) Sec. 178 *et seq.;* Hurd, Habeas Corpus (2 ed.) 301, 302.

The action of the notary will not be upheld unless the court can see that the questions are relevant. *Jennings, Ex parte,* 60 Ohio St. 319 [54 N. E. Rep. 262; 71 Am. St. Rep. 720].

Power of notary to punish for contempt depends upon the relevancy of the questions asked. *Robbins* v. *Brockton,* 180 Mass. 51 [61 N. E. Rep. 265]; *Storm* v. *United States,* 94 U. S. 76 [24 L. Ed. 42]; 3 Wigmore, Evidence Secs. 1856, 2212.

Privilege of withholding names. *Krieger, Ex parte,* 7 Mo. App. 367; *Jennings, Ex parte,* 60 Ohio St. 319 [54 N. E. Rep. 262; 71 Am. St. Rep. 720]; *Jenkins* v. *Putnam,* 106 N. Y. 272 [12 N. E. Rep. 613]; *Gorham Mfg. Co.* v. *Dry Goods Co.* 92 Fed. Rep. 774.

The right to take testimony of the opposite party is limited. *Schoepf, Ex parte,* 74 Ohio St. 1.

*Affirming, *Goode, In re,* 16 Dec. 404.

Chancery confines the discovery to the party's own testimony in support of his own case on issues already made up. *Badische Ainlin & Soda Fabrik* v. *Levinstein*, L. R. 24 Ch. Div. 156; *Moore* v. *Craven,* L. R. 7 Ch. App. 94; *Moxie Nerve-Food Co.* v. *Beach,* 35 Fed. Rep. 465; Langdell, Eq. Pl. 86, 87.

## JELKE, J.

This cause comes into this court from the judgment of the court of common pleas directing Salmon P. Jones, sheriff of Hamilton county, Ohio, to release and discharge from custody the defendant in error, Cora Dow Goode. The defendant in error being the owner of several drug stores in the city of Cincinnati, brought suit in the court of common pleas under the Valentine antitrust law (93 O. L. 143; Rev. Stat. 4427-1 *et seq.*; Lan. 7586 *et seq.*), charging that Emil Zorn and the Peruna Drug Manufacturing Company et al. had combined to prevent her from securing certain patent proprietary medicines, particularly one known as Peruna. She alleged that she was injured by these acts in the sum of $50,000, for which she prays judgment, and that the defendants be enjoined from further maintaining such alleged illegal combination.

Counsel for defendants in said action had the said Cora Dow Goode summoned before a notary for examination and cross-examination. At such examination the said Cora Dow Goode testified that she had been prevented from buying Peruna, because of the contract plan used in selling its goods by the Peruna Drug Manufacturing Company.

"On further examination it was admitted by the witness that she had Peruna and that she had been buying it, and she also stated where she had bought a part of it. Thereupon counsel for Emil Zorn asked the following questions:

"Question. Is that all you have bought between the first day of January and the time of bringing this suit?

"Answer. No.

"Question. Will you state where else you have bought it?

"Answer. I don't care to."

The question was objected to by counsel for Cora Dow Goode on the ground that it was irrelevant and an unwarranted inquiry into plaintiff's private business.

Counsel for Emil Zorn then asked the witness other questions and finally repeated the foregoing question in the following manner:

"Question. Will you state where else you have bought Peruna, besides from John D. Park Sons Co., since the first day of January.

### Jones v. Goode.

"Question was objected to as irrelevant and witness said, 'I decline to answer as to giving the names of persons— a trade secret.' Whereupon, counsel for Emil Zorn made the following statement:

"I shall now ask the notary to order the witness to answer. The witness, who is plaintiff in this suit, alleges in her petition to have been damaged to the amount of $50,000 by this defendant in combination with others, by reason, among other causes, of being prevented from buying or obtaining goods. The witness in her examination says that this has been partly due to certain contracts which the Peruna Company as a party to the alleged combination requires wholesale and retail dealers to enter into, on account of which she has been unable to obtain Peruna. We expect to prove that she did buy Peruna from dealers who entered into this contract, after it went into effect, at current jobbers' prices, and that she was not damaged by reason of said contract."

Upon the witness' refusal to answer such questions, the notary ordered that she be committed to jail, and in this proceeding below and application for writ of habeas corpus, the common pleas court found that the said Cora Dow Goode had a right to refuse to answer such questions and directed the sheriff to discharge her from custody.

There are two objections urged to this testimony: First, that to disclose the names of the persons from whom Cora Dow Goode obtained Peruna would be a disclosure of business or trade secrets, and would injure her in her business and drag the parties so named into difficulty and litigation possibly with the Peruna Drug Manufacturing Company, and would furnish such company opportunity of placing said persons on a so-called black list, thereby making it thereafter impossible for them to buy any more Peruna, or any of the proprietary articles in the interest of which said alleged illegal combination was formed; second, that the questions asked were irrelevant in an examination provided for by Rev. Stat. 5243 (Lan. 8752).

On the first ground, we are of opinion that the names of these parties from whom the said Cora Dow Goode secured Peruna are not privileged matter in the nature of trade or business secrets. Indeed, it may be a matter to which at the trial she may be compelled to respond. It is not like an inquiry into the constituents or ingredients of manufactured articles nor is it entirely like an impertinent inquiry by a competitor as to the names of persons to whom one is selling goods or with whom one is doing business.

It is true that a disclosure of these names would lend to the

defendants in the original action the information and opportunity to do the very things which the act is intended to counteract and prevent, and it may be, that to carry out the spirit and intent of this legislative enactment, the said Cora Dow Goode would be justified in refusing to divulge this information, but this can only be by the policy of the law adopted and declared by the Supreme Court in furtherance of the spirit and intention of this antitrust act. This the Supreme Court has not yet done; as it is not necessary to a decision of this case, we do not feel impelled to express an opinion on this point.

When it comes to the question of relevancy, the matter of general relevancy is not here under consideration, but it is a matter of relevancy in the examination conducted by way of deposition in advance of trial under the provision of Rev. Stat. 5243 (Lan. 8752). Such provision of the statute is enacted as declaratory of the old principles of discovery in chancery, making the same applicable to all suits.

The Supreme Court in *Schoepf, Ex parte,* 74 Ohio St. 1, recently said:

"The rule in chancery as to compelling the production of documents for the purpose of evidence and inspection was, and is that a party is entitled to a discovery of such facts or documents in his adversary's possession or under his control, as are material and necessary to make out his own case; but that this right does not extend to a discovery of the manner in which the adverse party's case is to be established, nor to evidence which relates exclusively to the adverse party's case."

It is contended that inasmuch as the said Cora Dow Goode has charged that by reason of the conduct of the defendants in said action, she is injured in the sum of $50,000, that it becomes pertinent and relevant on the measure of her damage to show from whom she procured Peruna; the quantity she either actually secured or failed to get, and the price that she paid for the same. It is said that it would work a great hardship to the defendants if they are deprived of this information at this time, and would expose and put them entirely in the hands of Cora Dow Goode in the matter of proving her damage. It is said in 3 Wigmore, Evidence Par. 1856.

"In chancery practice, a party to a suit at law has always been entitled, by a bill of discovery, to ascertain before trial the tenor of his opponent's knowledge and belief upon all the facts in issue; in other words, to obtain disclosure of his testimony before trial. The soundness of this policy rests upon reasons already examined (*ante,* Sec. 1847, Par. 2). But the tenor of this discovery was strictly limited to the op-

Jones v. Goode.

ponent's own testimony; that is, his own admissions resting on his knowledge and belief. It is true that the bill required from the opponent an answer under oath stating all that he claimed in opposition; but to this extent, what was obtained was no more than a sworn pleading, stating such material facts as would be alleged in any pleading. But of the evidence which he was to bring forth in support of those facts—the names of his witnesses and the circumstances to which they would testify—he was required to betray nothing in advance, except so far as he himself could bear testimony. In answering as a witness to facts, it was no excuse for him that his testimony would incidentally reveal his witnesses' names; but this did not impugn the general principle that he was entitled to keep to himself all evidential data except his own testimony. * * *

"In the interpretation of these statutes, it seems to be generally held that their purpose was merely to extend to all courts the expedient that formerly existed in chancery alone (*ante*, Sec. 1846); that, therefore, the principle is not changed, and that the discovery is limited to the extraction of the party's own testimony and cannot be asked merely to ascertain his other evidence to support his own case or the names of his witnesses; so that the common law in this respect (*supra*, Par. 1) remains unchanged for civil cases.

"1895, Lindley, L. J., *Strachan, In re*, 1 Ch. 439, 445: (The applicant) wants to see how her opponent hopes to prove his case, and what she wants to see is the evidence he has procured to prove the insanity which he alleges and she disputes. In England it is considered contrary to the interests of justice to compel a litigant to disclose to his opponent before the trial the evidence to be adduced against him. It is considered that so to do would give undue advantages for cross-examination and lead to endless side issues, and would enable witnesses to be tampered with and give unfair advantage to the unscrupulous. It is very true that an honest and fair-dealing litigant, on seeing how strong a case his opponent had, might at once withdraw from further litigation. But our rules of evidence and of discovery are not based upon the theory that it is advantageous to let each side know what the other can prove, but rather the reverse.''

It makes no difference, neither does it affect the amount of said Cora Dow Goode's damage, whether she procured Peruna from A, B or C, or from Smith, Brown or Jones. Under the law as above set out, the defendants are entitled to know from her all material facts upon which she relies to establish her damage, but these facts do not include the identity of the persons from whom she bought. It may be true that the defendants should have an opportunity to verify or impeach the

Hamilton County.

accuracy of her statements by an examination of these undisclosed persons, and it may put them at very great inconvenience to go to trial without a knowledge of their identity; but the identity of these persons is not part of the said Cora Dow Goode's essential claim against those defendants. We are, therefore, of opinion that at this time, in this kind of an examination, under Rev. Stat. 5243 (Lan. 8752), said questions are irrelevant and the said Cora Dow Goode had the right to refuse to answer the same, and the court below did right in discharging her from custody.

Inasmuch as we come to this conclusion upon the question of relevancy, which is sufficiently presented by the record made before the magistrate, it is not necessary and we do not pass upon the question of the property of the common pleas court hearing further evidence after the commitment.

The judgment will be affirmed.


OPINION ON REHEARING.

After our former decision in this case counsel asked the privilege of presenting to us another reason why the evidence held by us to be irrelevant, was relevant on the examination before the notary.

It is contended that had Cora Dow Goode been compelled to answer the question propounded her answer might have disclosed that she was procuring Peruna from the very parties who she charges were in conspiracy to prevent her from buying Peruna.

We adhere to our former opinion for the following reasons:

The way has not been paved for this question. The said Cora Dow Goode had not been interrogated as to whether she had obtained all the Peruna she needed in her business and whether or not she had applied to any of the persons named in her petition and been denied; the fact that persons had bought Peruna under the prohibitive contract, and in violation thereof had sold to Cora Dow Goode would have been matter of defense and tended to weaken her case but not conclusively.

We think the scope of the inquiry is too broad and subject to the objection first found by us, and if it was anticipated that she had bought Peruna from persons charged in the petition, the inquiry should have been limited and made more specific.

We think the inquiry as to the identity of persons on this point seeks a disclosure of her witnesses.

**Swing** and **Giffen, JJ.,** concur.